IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ERIC LEE PORTERFIELD, | ) CASE NO.  4:21-CV-02401-SL |
| Plaintiff, | ) |
| vs. | ) JUDGE SARA LIOI |
| | ) UNITED STATES DISTRICT JUDGE |
| WARDEN TIM McCONAHAY, | ) MAGISTRATE JUDGE |
| | ) JONATHAN D. GREENBERG |
| Defendant. | ) |
| | ) **REPORT & RECOMMENDATION** |

This matter is before the magistrate judge pursuant to Local Rule 72.2.  Before the Court is the Petition of Eric Lee Porterfield  ("Porterfield" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1) Porterfield is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case *State v. Porterfield,* Trumbull County Common Pleas Court Case No. 2000 CR 402. For the reasons that follow, the undersigned recommends that the Petition be **DENIED**.

### I.  Statement of Facts

The Court of Appeals of Ohio, Eleventh Appellate District for Trumbull County made the following factual findings on direct appeal. These factual findings are presumed to be correct, and Porterfield may rebut the presumption of correctness only with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360–61 (6th Cir. 1998):

> [*P2] The record discloses the following facts. On June 23, 2000, appellant along with Ronald Shaffer ("Shaffer") and Dennis Gossett ("Gossett") arrived at the residence of Dave Harper ("Dave") with the intent of robbing him of money and drugs. Appellant armed himself with an assault rifle, while Shaffer was armed with a twelve-gauge shotgun. Karen Mathey ("Karen") and Dave were sitting on his

1

front porch as appellant and Shaffer approached. Appellant and Shaffer forced Karen and Dave into the house by gunpoint. At this time, Gary Bell ("Gary"), Chuck Mathey ("Chuck"), John Lago ("John"), Jennifer Atkinson ("Jennifer") and her infant son Dillon were gathered inside the house. When appellant, Shaffer, Karen, and Dave entered the house, Karen immediately ran to Jennifer and Dillon, and the three of them quickly ran up a flight of stairs to hide in a loft. Karen testified that moments after she reached the top of the stairs she heard multiple gunshots.

[*P3] After the gunfire ceased and appellant and Shaffer had left, Karen and Jennifer went back down stairs. Karen found Chuck lying face down, shot in the back and not breathing. Gary had also been shot and was lying on the kitchen floor. Dave was found wandering the house in shock, bleeding profusely from gunshot wounds to the head, arm and thigh. Ultimately, Chuck was pronounced dead at the scene. Gary was transported to a level one trauma center where he was later pronounced dead. Dave was transported via life-flight to Cleveland Metro Hospital where he was treated for and survived three separate gunshot wounds.

[*P4] Appellant was eventually arrested and charged with the following counts: two counts of aggravated murder with aggravating circumstances and firearm specifications, in violation of R.C. 2903.01(B), R.C. 2929.04(A)(5) and (7), R.C. 2929.14(C), and R.C. 2941.145 (counts one and two); one count of attempted aggravated murder with a firearm specification, in violation of R.C. 2923.02, R.C. 2905(A)(2), and R.C. 2941.145 (count 3); two counts of kidnapping with firearm specifications, in violation of R.C. 2905.01(A)(2) and R.C. 2941.145 (counts four and five); one count of aggravated burglary with a firearm specification, in violation of R.C. 2911(A)(1) and/or (2) and R.C. 2941.145 (count 6); and one count of aggravated robbery with a firearm specification, in violation of R.C. 2911.01(A)(1) and/or (3) and R.C. 2941.145 (count 7). Following his indictment, appellant filed a motion to determine his competency to stand trial and a motion to suppress. After a hearing, the trial court found appellant competent to stand trial and denied his motion to suppress.

[*P5] Appellant then entered into a plea agreement with appellee, state of Ohio, whereby appellant would plead guilty to an amended indictment. Prior to accepting appellant's guilty plea, the trial court discussed with appellant his constitutional rights and the effect his guilty plea would have on those rights. The trial court accepted appellant's guilty plea; however, appellant, acting pro se, moved to withdraw his plea prior to sentencing. The trial court granted appellant's motion to withdraw his guilty plea and reinstated the original indictment.

[*P6] After having new counsel appointed, appellant executed a jury waiver, and a three-judge panel was assembled to hear the matter. Following one full day of trial, appellant and the state entered into another plea agreement. Appellant pleaded guilty to an amended indictment which eliminated all aggravating circumstances contained in the two counts of aggravated murder (counts one and two). During a plea hearing, the trial court again advised appellant of his constitutional rights and the effect his guilty plea would have on those rights. Appellant stated that he understood his rights and the effect of his guilty plea and

requested that the trial court accept his guilty plea. Accordingly, the trial court accepted appellant's guilty plea and immediately entered sentence.

[*P7] The trial court sentenced appellant as follows: "[a] prison term of ten (10) years on Count three; ten (10) years on each of Counts Four, Five, Six, and Seven to be served concurrently to the sentence imposed in Count Three; Life with parole eligibility after serving twenty (20) years of imprisonment on Count One to be served consecutively to the sentence imposed in Count Three; and Life with parole eligibility after serving twenty (20) years of imprisonment on Count Two to be served consecutively to the sentences imposed in Counts One and Three. Defendant to be sentenced to three (3) years on the firearm specification in Count Three which shall be served prior to and consecutive to the principle sentence. The firearm specification in Counts One Two, Four, Five, Six, and Seven will merge with the firearm specification in Count Three, for an aggregate sentence of fifty-three (53) years to life."

[*P8] Appellant again filed a motion to withdraw his guilty plea and a petition to vacate or set aside the judgment of conviction or sentence. Both the motion to withdraw and petition to vacate were denied. Appellant, acting pro se, filed a notice of appeal with this court, but the appeal was dismissed for being untimely. Subsequently, appellant was appointed counsel and filed a motion for delayed appeal which was granted.

(Exhibit 3); *State v. Porterfield*, 2004-Ohio-520 (2004)

## II. Relevant Procedural History[1]

**A. State Conviction**

On July 5, 2000, in a superseding indictment, the Trumbull County Grand Jury charged Porterfield with two counts of aggravated murder with aggravating circumstances (ORC 2903.01(B), 2929.04(A)(5) and (7), 2941.14(C)); one count of attempted aggravated murder (ORC 2923.02, 2903.0l(B)); two counts of kidnapping (ORC 2905.01(A)(2)), one count of aggravated burglary (ORC 2911.11(A)(1) and/or (2)), and one count of aggravated robbery (ORC 2911.01(A)) with all counts containing firearm specifications (ORC 2941.145). (Doc. No. 9-1, Exs. 1, 2) Following his indictment,

---

[1] In the interest of judicial economy due to Porterfield's extensive procedural history, the Court has summarized only the portion of the procedural history relevant to the adjudication of the instant habeas petition. A detailed summary of additional state court filings Portfield made between 2006 and 2009 is available at *Porterfield v. Smith*, No. 4:10CV0340, 2011 WL 2111843, at *4-*6 (N.D. Ohio Apr. 7, 2011), report and recommendation adopted, No. 4:10 CV 340, 2011 WL 2111849 (N.D. Ohio May 26, 2011)

3

Porterfield filed a motion to determine his competency to stand trial and a motion to suppress. (*Id.*, Ex. 3 at ¶4) After a hearing, the trial court found Porterfield competent and denied suppression. (*Id.*)

Porterfield entered into a plea agreement with the state to an amended indictment, but subsequently moved *pro se* to withdraw his plea prior to sentencing. (*Id.*, Ex. 3, ¶ 5) The trial court granted his motion to withdraw and reinstated the original indictment. (*Id.*) After new counsel was appointed, Porterfield executed a jury waiver and proceeded to trial before a three-judge panel. (*Id.*, ¶6) Following the first full day of trial, on October 26, 2001, Porterfield entered into a plea agreement with the state and agreed to plead guilty to a reduced charges that eliminated all aggravating circumstances contained in the two counts of aggravated murder. (*Id.*, Exs. 2, 3 at ¶6) The trial court sentenced Porterfield to the jointly recommended sentence of 53 years to life. (*Id.*, Exs. 2, 3 at ¶7)

After his sentencing, Porterfield again moved to withdraw his guilty plea. (*Id.*, Ex. 3 at ¶8) He also filed a petition to vacate or set aside the judgment of conviction or sentence. Both were denied. (*Id.*)

**B. Direct Appeal**

Acting *pro se*, Porterfield filed a notice of appeal, but it was dismissed by the appellate court as untimely. (*Id.*) He was then appointed counsel and filed a motion for delayed appeal which was granted. (*Id.*) In its February 6, 2004, decision, the Eleventh District Court of Appeals found the trial court failed to state the required findings pursuant to R.C. 2929.14(E)(4). (*Id.*) Accordingly, the judgment of the trial court was affirmed in part and reversed in part and remanded for the trial court to vacate the prior sentencing and to conduct a new sentencing hearing. (*Id.*)

The State appealed to the Ohio Supreme Court. Following briefing and oral arguments, on July 6, 2005, the court reversed the judgment of the appellate court and reinstated Porterfield's sentence.(*Id.*, Ex. 4) The court held that pursuant to R.C. 2953.08(D), Porterfield's sentence was not subject to appellate review because he was convicted of aggravated murder by a guilty plea, and the court imposed

4

the jointly recommended sentence which was authorized by law. (*Id.*); *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095.

### C. Motion to Withdraw Guilty Plea

In August 2009, Porterfield *pro se*[2] filed a motion to withdraw his guilty plea arguing his plea was not made knowingly, intelligently and voluntarily because he was pressured to sign the plea agreement. (Doc. No. 9-1, Ex. 5). The trial court denied the motion. (*Id.*, Ex. 6)

Porterfield appealed to the Eleventh District Court of Appeals. In its September 13, 2010, opinion, the appellate agreed that Porterfield was not properly informed on the conditions of post-release control, but determined he was not prejudiced. (*Id.*, Ex. 6) The court affirmed the trial court's judgment denying Porterfield's motion to withdraw his guilty plea. (*Id.*, Ex. 7) Porterfield moved for reconsideration, but the appellate court denied the motion. (*Id.*, Ex. 8) In its order denying reconsideration, the appellate court also stated that, "[s]ince post-release control has not been properly imposed with respect to Porterfield's classified felony convictions, it remains incumbent on the trial court to conduct a de novo sentencing hearing in accordance with *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, and other relevant decisions of the Ohio Supreme Court." (*Id.* at 57)

### D. First Petition for Writ of Habeas Corpus

In February 2010, Porterfield filed a petition for writ of federal habeas corpus with this Court in and alleged that his appellate counsel was ineffective. *Porterfield v. Smith*, No. 4:10CV0340, 2011 WL 2111843, at *7 (N.D. Ohio Apr. 7, 2011), *report and recommendation adopted,* No. 4:10 CV 340, 2011 WL 2111849 (N.D. Ohio May 26, 2011). This Court denied Porterfield's petition and found his sole ground was procedurally defaulted. *Porterfield v. Smith*, 2011 U.S. Dist. LEXIS 57765 (N.D. Ohio, May 26, 2011). Porterfield did not seek further appellate review. (Doc. No. 4 at 1)

---

[2] From this point forward, all of Porterfield's state and federal filings listed in this procedural history were submitted *pro se*.

5

### E. First Motion for Leave to file a Successive Petition for Writ of Habeas Corpus

In 2019, Porterfield filed a motion for leave to file a second or successive habeas corpus petition with the Sixth Circuit Court of Appeal alleging that he was entitled to a de novo resentencing hearing in accordance with the Ohio Court of Appeals' 2010 order denying his motion for reconsideration. (Doc. No. 4 at 2) The Sixth Circuit Court of Appeals found Porterfield was not entitled to authorization because his claim was not based on nearly discovered evidence or a new rule of constitutional law with retroactive application to his case. (*Id.*) citing *In re Porterfield*, No. 19-3940 (6th Cir. Feb. 19, 2020).

### F. Motion for *Nunc pro tunc* Entry

On March 23, 2021, Porterfield, filed a motion with the state trial court requesting that it issue a *nunc pro tunc* entry correcting his sentencing entry. (Doc. No. 9-1, Ex. 9). On May 4, 2021, the trial court granted the motion and issued a judgment entry *nunc pro tunc* stating that Porterfield was subject to a mandatory five years of post-release control. (*Id.*, Ex. 10) On June 4, 2021, Porterfield timely filed a notice of appeal to the Eleventh District Court of Appeals. (*Id.*, Ex. 11) The state moved to dismiss the appeal arguing that that Porterfield failed to request leave as he was required to do based on Porterfield's vexatious litigator status. (*Id.*, Ex. 12) On June 30, 2021, the appellate court granted the State's motion and dismissed Porterfield's appeal for failure to request leave. (*Id.*, Ex. 13) Porterfield's application for reconsideration was also overruled. (*Id.*, Ex. 14) Porterfield did not seek further appellate review.

### G. Complaint for Writ of Mandamus

On April 22, 2021, Porterfield filed a complaint for writ of mandamus in the Supreme Court of Ohio, again requesting an order to compel the trial court to conduct a *de novo* sentencing to correct his sentencing entry to reflect his post release control sentence. (*Id.*, Ex. 15) The Respondent filed a motion

to dismiss Porterfield's complaint and argued that the trial court's May 4, 2021, nun pro tunc order had resolved the issue identified in Porterfield's writ. (*Id.*, Ex. 16) On June 30, 2021, the Supreme Court of Ohio granted the state's motion and dismissed the writ. (*Id.*, Ex. 17)

### H. Second Application for Successive or Second Petition for Writ of Habeas Corpus

Porterfield filed the instant habeas petition in December 2021. (Doc. No. 1) Shortly thereafter, this Court transferred Porterfield's Petition to the Sixth Circuit of Appeals for review as a second or successive petition. (Doc. No. 3; Doc. No. 4 at 2-3) On June 21, 2022, the Sixth Circuit Court of Appeals ruled that Porterfield's motion for leave to file a successive petition was unnecessary. The Sixth Circuit explained that Porterfield's May 4, 2021, *nunc pro tunc* resentencing entry constituted a "new judgment" because "[a]lthough Porterfield is subject to a lifetime term of parole for his murder convictions, in Ohio the terms of post-release control are more restrictive than the terms of parole." (Doc. No. 4 at 3-4) citing *Crangle v. Kelly*, 838 F.3d 673, 677-78 (6th Cir. 2016). Because of the differences between post-release control and parole, the appellate court found that the 2021 *nunc pro tunc* order made Porterfield's sentence a "new, worse-then-before" and constituted a new judgment. Thus, the motion for leave to file a successive petition was unnecessary. The Sixth then transferred Porterfield's petition back to this Court. (Doc. No. 4)

### I. Federal Habeas Corpus

Porterfield's petition raises the following two grounds for relief:

GROUND ONE: Post-Release Control Violation.
    Supporting Facts: The 11th Dist. court of appeals [sic] said that there is a P.R.C. violation but it was up to the trial court to fix and did not reverse and remand me back down to the trial court to fix it and I've been trying to get the trial court to fix it for the last 11 years to no avail. This violation of P.R.C. leave me without a valid sentence and detained illegally.

GROUND TWO: Per State v. Singleton by which the 11th dist. court of appeals said it is incumbent upon the trial court to conduct a De novo sentencing hearing to fix this void sentence and the trial court refuses to do so until this petition.

7

(Doc. No. 1)

On October 7, 2022, Respondent filed a Return of Writ and argued that Porterfield's petition should be dismissed because his habeas grounds are not cognizable. Porterfield did not file a Traverse. The Petition is now ripe for review.

### III. Law and Argument

Porterfield argues that his sentencing entry fails to set forth the accurate post-release control information and, thus, his sentence is "void" and he is being held without a valid sentence. He further asserts that the state court's May 2021 *nunc pro tunc* entry clarifying his post release control was insufficient to remedy the error because he was entitled to a *de novo* resentencing hearing under the authority of *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434 prior to the nunc pro tun order. Respondent argues that Porterfield's habeas claims are not cognizable and without merit

**A. Porterfield's habeas grounds are not cognizable**

**1. Legal Standard**

Respondent first argues that Porterfield's challenge to his sentencing entry is not cognizable because it only raises issues of state law. See 28 U.S.C. §2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Respondent is correct.

This Court has jurisdiction to consider only habeas claims that allege a "violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a); *Swarthout v. Cook*, 562 U.S. 216, 219 (2011). Federal habeas corpus is reserved for federal constitutional claims, not allegations that state law has been violated. *Barclay v. Florida*, 463 U.S. 939 (1983); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Smith v. Phillips*, 455 U.S. 209 (1982). ("federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."). A federal habeas court does not function as an additional state appellate court reviewing state courts'

decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988); *see also Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985). Thus, claims based on a perceived error of state law fall outside the scope of the Court's review and, therefore, do not constitute cognizable grounds for federal habeas relief. *Wilson v. Corcoran,* 562 U.S. 1, 5 (2010) ("only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."); *see also Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991)) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions").

Further, naked assertions of the denial of rights to "due process" or "equal protection" do not fairly present claims that federal constitutional rights were violated. *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004). In the absence of a fairly presented federal constitutional claim, federal habeas corpus is not available to Petitioner.

### 2. Analysis

In October 2001, after pleading guilty to both classified (non-murder) and unclassified felonies (two counts aggravated murder), the state trial court sentenced Porterfield to 53 years to life. Post-release control attaches to the classified felonies, while parole attaches to the unclassified felonies. In the state appellate court's 2010 decision denying Porterfield's motion to withdraw his guilty plea, the appellate court found that the trial court's sentencing entry did not comply with Ohio Crim. R. 11 (Pleas, Rights Upon Plea). The appellate explained the deficiency as follows:

> The trial court initially informed Mr. Porterfield that his sentences for aggravated murder would be for life, with parole eligibility after twenty years - but then, it informed him that he would be serving five years mandatory postrelease control, if he was freed in the future. It was only through the intervention of the assistant prosecutor that he was informed that he would be supervised for life, if he was ever released from prison. Only defense counsel mentioned that this would constitute parole. Further, the document signed by Mr. Porterfield - called "Finding on Guilty Plea to Amended Indictment" - does not inform Mr. Porterfield that he would be subject to parole if freed - but does give him an extensive explanation of postrelease control.

(Doc. No. 9-1, Ex. 7 at 51) Nonetheless, the state appellate court found that the trial court's Rule 11 deficiency did not render Porterfield's sentence void and he was not entitled to withdraw his plea because he could not show prejudice (i.e., that the plea would have differed without the error) (*Id.* at 52) Porterfield filed an application for reconsideration of that decision. However, on November 5, 2010, the appellate court denied his application. (*Id.*, Ex. 8) The appellate also stated the following:

> Since post-release control has not been properly imposed with respect to Porterfield's classified felony convictions, it remains incumbent on the trial court to conduct a de novo sentencing hearing in accordance with *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, and other relevant decisions of the Ohio Supreme Court.

(*Id.* at 57)

In March 2021, more than 10 years after the appellate opinion, Porterfield filed a motion for a *nunc pro tunc* entry with the trial court. In the motion, Porterfield asserted that he was notified of post-release control at sentencing but that the October 2001 sentencing entry did not properly reflect it. He requested the trial court correct the issue with a *nunc pro tunc* order. (Doc. No. 9-1, Ex. 9) In May 2021, the trial court granted Porterfield's motion and issued a "judgment entry *nunc pro tunc*." (*Id.*, Ex. 10). The entry amended Porterfield's October 2001 judgment entry to include the following paragraph:

> The Court has further notified the Defendant that post release control is mandatory in this case for five (5) years, as well as the consequences for violating conditions of post release control imposed by the Parole Board under Revised Code Section 2967.28. The Defendant is ordered to serve as part of this sentence, any term of post release control imposed by the Parole Board, and any prison term for violation of that post release control.

(*Id.*, Ex. 10) Porterfield appealed the *nunc pro tunc* entry on the basis that the court lacked jurisdiction. (*Id.*, Ex. 11) The appellate court dismissed Porterfield's appeal because, prior to that the order, Porterfield had been declared a vexatious litigator and he was required to obtain leave prior to filing an appeal, which he had not obtain. (*Id.*, 13)

A month prior to the trial court's issuance of the *nunc pro tunc* judgment Porterfield also filed a Writ of Mandamus with the Ohio Supreme Court requesting it to command the trial court to conduct a

*de novo* sentencing hearing. The state moved to dismiss the writ and argued that Porterfield had received the relief he sought through the *nunc pro tunc* entry. (*Id.*, Ex. 16) The Ohio Supreme Court granted the state's motion for dismissal. (*Id.*, Ex. 17)

In the instant Petition, Porterfield argues that the trial court's sentence is void because it did not contain the proper post-release control language and that the November 2021 *nunc pro tunc* entry did not fix the void sentence because the trial court did not conduct a *de novo* sentencing hearing before issuing the order. (Doc. No. 1 at 5, 7) At the end of his Petition, Porterfield asserts that the trial court's failure to conduct a hearing prior to issuing the *nunc pro tunc* order is an unconstitutional "deprivation of rights under the color of law and a 5th amendment 'due process' violation." (*Id.* at 14) In support of his assertions, Porterfield references the appellate court's November 2010 opinion that stated it was "incumbent on the trial court to conduct a *de novo* sentencing hearing in accordance with *State v. Singleton*…and other relevant decisions of the Ohio Supreme Court." (*Id.* at 5, 7)

Respondent argues that Porterfield's claim is non-cognizable on habeas review because it only raises issues of state law. This Court has stated that, "any claim that a state court violated its own state procedural law in sentencing a petitioner is non-cognizable in a federal habeas proceeding." *Minor v. Wainwright*, No. 1:17 CV 1016, 2019 WL 653789, at *9 (N.D. Ohio Jan. 17, 2019), *report and recommendation adopted*, No. 1:17-CV-1016, 2019 WL 652411 (N.D. Ohio Feb. 15, 2019). Thus, the argument that the state court violated Ohio Crim. R. 11 and state caselaw interpreting that rule, is not cognizable on habeas review.

The Sixth Circuit has found that the issue of imposing post-release control "is an issue of Ohio law." *Mackey v. Warden, Lebanon Corr. Inst.*, 525 F. App'x 357, 362 (6th Cir. 2013), *abrogated on other grounds*, *recognized in Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016). This Court has also previously addressed this issue. In *Lintz*, like here, the petitioner asserted that, "the trial court erred by

simply correcting the post release control portion of his sentence through a *nunc pro tunc* order rather than conducting a new sentencing hearing *de novo.*" *Lintz v. Kelly,* No. 1:13 CV 1088, 2013 WL 5595179, at *7 (N.D. Ohio Oct. 10, 2013). This Court determined that petitioner's argument was based solely on state law and, thus, non-cognizable. *Id.*; *see also Rolling v. Mulligan*, No. 1:12 CV 1007, 2012 WL 3961214, at *16 (N.D. Ohio Sept. 10, 2012) (finding petitioner's argument that the his sentence was void because the trial court failed to grant a *de novo* hearing on resentencing was not cognizable). The Southern District of Ohio also came to the same conclusion under near identical circumstances in *Brister* explaining:

> The crux of Petitioner's claim – that Ohio law mandated the trial court to conduct a new sentencing hearing before issuing a *nunc pro tunc* order correcting the improper imposition of post release control – presents an issue regarding the interpretation of state law, which fails to present a basis for federal habeas corpus relief.

*Brister v. Kelly,* No. 2:14-CV-2024, 2015 WL 7076607, at *5 (S.D. Ohio Nov. 13, 2015), *report and recommendation adopted,* No. 2:14-CV-2024, 2015 WL 8485262 (S.D. Ohio Dec. 9, 2015). Accordingly, Porterfield's claim that the trial court erred in conducting a new sentencing hearing before issuing the *nunc pro tunc* post-release control correction is a matter of state law and is non-cognizable.

Porterfield's use of the term "due process" at the end of his Petition does not change the Court's analysis because "naked assertions of the denial of rights to 'due process' or 'equal protection' do not fairly present claims that federal constitutional rights were violated." *Rarden v. Warren Corr. Inst*., No. 1:12-CV-660, 2015 WL 5561380, at *4 (S.D. Ohio Sept. 22, 2015)(rejecting petitioner's argument that the failure to grant a *de novo* hearing was a "due process" violation where petitioner did not support his naked assertions with "supporting federal caselaw or develop any cogent arguments in constitutional terms."); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000) ("General allegations of the denial of rights to a 'fair trial' and 'due process' do not 'fairly present' claims that specific constitutional rights were violated.")

### B. Porterfield's claims also fail on the merits

For the reasons above, the Court finds Porterfield's claim is not cognizable. Nonetheless, even if the Court were to find Porterfield's claim cognizable, his claim would also be denied on the merits. First, his habeas claims rest on a faulty premise—the improper imposition of post release control renders his entire sentence void leaving him in custody without a lawful state sentence. However, it is undisputed that post-release control does not apply to unclassified felonies. Here, Porterfield pleaded guilty to two counts of aggravated murder (unclassified felonies) and was sentenced to two consecutive terms of "Life with parole eligibility after serving (20) years of imprisonment." (Doc. No. 9-1, Ex. 3 at ¶7). Porterfield argues that the trial court's imposition of post-release control needed to be rectified. Even if that were true, there is no question that Porterfield's consecutive life sentences are still valid. Thus, his argument that the post-release control issues invalidated his entire sentence is without merit.

Second, the Court notes that Porterfield has not made a claim that his plea was not knowingly and voluntary. On federal habeas review, "[a] state court's determination that a guilty plea was valid is a factual finding entitled to a presumption of correctness" under 28 U.S.C. § 2254(e)(1), which is "rebuttable only by clear and convincing evidence." *Wright v. Lafler*, 247 F. App'x 701, 705 (6th Cir.2007) (*citing Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir.1993)); *see also Carethers v. Wolfenbarger*, 407 F. App'x 14, 17 (6th Cir.2011). "When a defendant subsequently brings a federal habeas petition challenging his plea, the state generally satisfies its burden by producing a transcript of the state court proceeding." *Garcia,* 991 F.2d at 326; *see also Carethers*, 407 F. App'x at 17. Here, the record shows that the trial court denied Porterfield's motion to withdraw his guilty plea "not knowingly, intelligently, or voluntarily made under Crim. R. 11." (Doc. No. 9-1, Ex. 5) The state appellate court upheld that determination finding no merit in Porterfield's argument. (*Id.*, Ex. 8 at 52). In his Petition,

13

Porterfield does not argue that his guilty plea was invalid. Instead, he argues his sentence is "void" under Ohio law. (Doc. No. 1 at 5, 7, 14) Accordingly, Porterfield has not made a challenge to his plea.

Even if Porterfield had made the argument in his Petition, that his guilty pleas were invalid, he would be unable to show prejudice (i.e., that but for the error, his plea would not have been made). As the Southern District of Ohio explained, "Even assuming that the misinformation provided to petitioner regarding his eligibility for post-release control in and of itself triggers constitutional concerns, petitioner is not entitled to relief absent a showing of a 'reasonable probability that, but the error, he would not have entered the plea.' " *Myers v. Warden, Warren Corr. Inst.*, No. 1:10-CV-343, 2011 WL 7039933, at *9 (S.D. Ohio Aug. 9, 2011), *report and recommendation adopted*, No. 1:10CV0343 WOB-SKB, 2012 WL 122568 (S.D. Ohio Jan. 17, 2012) *quoting United States v. Davis,* No. 08–6173, 2011 WL 1754082, at *4 (6th Cir. May 10, 2011). This Court's decision in *Crangle* is also instructive. In *Crangle*, the petitioner argued that confusion regarding the interplay between parole and post-release control in his sentencing hearing rendered his plea invalid. *Crangle v. Eppinger*, No. 5:13 CV 842, 2018 WL 11462328, at *2 (N.D. Ohio Apr. 30, 2018). However, this Court determined that Crangle's claim lacked merit because he could not demonstrate a "reasonable probability that, but for the error, he would not have entered the plea." *Id.* This Court explained:

> It is hard to imagine a person in Petitioner's position would have rejected a plea deal providing him the possibility of release on parole (where the crime as charged carried a life without parole sentence) merely because of the possibility he would be subject to somewhat more restrictive post-release control restrictions. That is, Petitioner has not shown that a rational individual in his circumstances would have rejected the plea bargain had he been properly informed of the post-release control sanction

Likewise, the facts in Porterfield's case do not demonstrate a reasonable probability that, but for the error, he would not have entered the plea. Porterfield pleaded guilty to an amended indictment that eliminated the aggravated circumstances attendant to the two aggravated murder counts, "thus sparing Mr. Porterfield a death sentence." (Doc. No. 9-1, Ex. 8 at 45). Under these circumstances, Porterfield

14

has not shown that a rational individual in his circumstances would have rejected the plea bargain had he been properly informed of the imposition of five years of post-release control.

### C.  Summation

Porterfield's Petition should be denied as it only raises state laws claims and is, therefore, non-cognizable on habeas review. Even if Porterfield's Petition were cognizable, he has not challenged the validity of his guilty plea. He also is unable to demonstrate prejudice—that, but for, being properly informed of the imposition of five years of post-release control he would not have taken the plea.

## IV.  Conclusion

For all the reasons set forth above, it is recommended that the Petition be **DENIED.**

Date: August 4, 2023

          *s/ Jonathan Greenberg*
Jonathan D. Greenberg
United States Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.  *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).**