# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ERIC LEE PORTERFIELD, | ) | CASE NO. 4:21-cv-2401 |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| TIM McCONAHAY, | ) | |
| DEFENDANT. | ) | |

On August 4, 2023, Magistrate Judge Jonathan D. Greenberg filed a report and recommendation ("R&R") that petitioner Eric Lee Porterfield's ("Porterfield") petition for writ of habeas corpus be denied. (Doc. No. 10 (R&R).) Objections to the R&R were due on August 21, 2023.[1] (*Id.*) In light of no objections being filed, on August 23, 2023, the Court filed a memorandum opinion adopting the Magistrate Judge's R&R in full and entered an associated judgment entry denying Porterfield's petition. (Doc. No. 11 (Memorandum Opinion); Doc. No. 12 (Judgment Entry).)

On September 6, 2023, the Court received a letter from Porterfield requesting that the Court "reconsider its opinion and allow Porterfield's objection[s] the chance to be heard before making

---

[1] Under Fed. R. Civ. P. 6(d), when service is completed via the mail, the recipient party's filing deadline receives a three-day extension. Because the magistrate judge's R&R was mailed to Porterfield (*see* 8/4/2023 Docket Text), he was entitled to an additional three days to file his objections beyond the standard fourteen days. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019). In any event, Porterfield has not filed any objections with this Court to date.

its decision" because he incorrectly sent his objections to the Sixth Circuit instead of to this Court. (Doc. No. 13 (Motion for Reconsideration), at 1.) The Court construes this letter as a motion for reconsideration. The letter does not contain a copy of Porterfield's objections to the R&R, nor does it summarize Porterfield's objections. (*See generally id*.) Instead, Porterfield asks the Court to "check the record of the United States Court of Appeals for the Sixth Circuit for his objection[s.]" (*Id*.)

The only document Porterfield provides in his letter for the alleged mailing error is a "Personal A/C Withdrawal Check Out-Slip[,]" dated August 18, 2023. (*See* Doc. No. 13-1.) This document essentially amounts to a receipt showing that Porterfield mailed something to the Sixth Circuit on that date. (*Id*.) It does not provide the Court with any information on the materials within the sent piece of mail, nor does it provide that the mail's contents were for this case. (*Id*.) With only this information, the Court cannot confirm what was inside of that mailing.

Although it is not the Court's responsibility to track down a litigant's erroneously mailed filings, the Court attempted, unsuccessfully, to locate the objections that Porterfield purportedly mailed to the circuit court. In 2022, the instant case was transferred to the Sixth Circuit for second or successive petition review (*see* Doc. No. 3) and, as a result, the case has a Sixth Circuit case number and docket. *See Eric Porterfield*, No. 22-3106 (6th Cir.). The Court reviewed this docket and there is no record of the Sixth Circuit receiving any materials from Porterfield in the past six months. *Id*. There appear to be other Sixth Circuit cases to which Porterfield is a party but, similar to the case above, nothing has been filed in those cases within the past six months. *See Eric Porterfield v. DOJ, et al.*, No. 21-3463 (6th Cir.); *In re: Eric Porterfield*, No. 19-3940 (6th Circ.). Finally, the Court has not received any redirected mail from the Sixth Circuit, or elsewhere, related

to this case.

In short, the Court never received Porterfield's objections and it could not find them. Without his objections, which are now over a month late, the Court will not reconsider its decision.

At least one district court within the Sixth Circuit has granted a litigant's motion for reconsideration after they initially mailed a motion to the wrong address. *See Teneyuque v. Jackson*, No. 1:17-cv-681, 2019 WL 1970578, at *1 (W.D. Mich. May 3, 2019). In *Teneyuque*, a pro se litigant accidentally mailed a motion requesting an extension to file his objections to the magistrate judge's R&R to the Michigan Attorney General's office instead of to the district court. *Id*. Before the litigant could correct this mistake, the court adopted the R&R and entered judgment denying his petition for habeas relief. *Id*. Upon receiving the petitioner's motion for reconsideration, however, the court considered the litigant's objections. *Id*.

The district court did not consider the petitioner's late objections merely because it had them. *Id*. The district court stressed that the petitioner had "diligently litigated" the lawsuit by timely mailing his motion for an extension, albeit to the wrong address, and that the petitioner mailed his objections prior to the Court adopting the magistrate judge's R&R. *Id*. Given these "unique circumstances" and "out of an abundance of caution" the district court granted the petitioner's motion for reconsideration. *Id*.

There are at least two critical differences between this case and *Teneyuque*. First, the Court has not received Porterfield's objections to date and, therefore, cannot consider them. Second, Porterfield failed to provide the Court with meaningful evidence that his objections were mailed timely, but to the wrong location. To make matters worse, the documentation Porterfield provided to the Court seems to be directly contradicted by the Sixth Circuit's docket, as more fully discussed

above.

For the foregoing reasons, Porterfield's motion for reconsideration (Doc. No. 13) is DENIED.

**IT IS SO ORDERED**.

Dated: September 27, 2023

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**